# EXHIBIT 5



Tracie V. Coleman-Tucker, JD
Sr. Specialty Claim Consultant
Claims│Management Liability
Phone:  (248) 233-5144
Fax:      (508) 635-1777
trcoleman@hanover.com

September 10, 2019

| | | |
|---|---|---|
| Jake Gantz | Via E-Mail: | Jake@vennpointre.com |
| Nicholas Marietti | Via E-Mail: | Nick@vennpointre.com |
| Robert Palley | Via E-Mail: | Rob@granitepartners.com |

| | | |
|---|---|---|
| Re: | Insured: | 40 S. Ashland Condominium Association |
| | Claimant: | 40 S. Ashland Condominium Association, et al |
| | Policy: | Businessowners Policy with Condominium, Co-Op and Association Directors and Officers Liability Insurance Coverage Part |
| | Policy No.: | OBC D394506 01 |
| | Policy Period: | 10/15/2018 to 10/15/2019 |
| | Claim No.: | 19-00464814 |

Dear Messrs. Gantz, Marietti, and Palley:

Please allow this correspondence to confirm our receipt on September 9, 2019, of additional information regarding the above-referenced claim, which was originally tendered to Citizens Insurance Company of America (hereinafter "Hanover") on June 7, 2019, for consideration of coverage under the Policy provided.

As outlined below, please be advised that Hanover will agree to provide a defense in this matter under the captioned insurance policy.  Hanover recognizes that circumstances may change as this matter progresses.  Consequently, please understand that this is a preliminary coverage position and it is not intended to be exclusive or exhaustive.  The rationale for our coverage position is set forth below in further detail.

### I. POLICY INFORMATION

Condominium, Co-Op and Association Directors and Officers Liability Insurance ("D&O") is provided to 40 S. Ashland Condominium Association by Hanover through an Endorsement to Policy Number OBC D394506 01 ("Policy").  This is a claims-made Endorsement with effective dates of coverage from October 15, 2018 to October 15, 2019.  The Endorsement provides a $1,000,000 each claim Limit of Liability and is not subject to a deductible.  Please note that Defense Expenses are in addition to the Limit of Liability.

### II. BACKGROUND/FACTS OF LOSS

These are the new facts of loss as we understand them:  On August 29, 2019, a Verified Amended Complaint was filed in the Circuit Court of Cook County, Illinois, Law Division, on behalf of 40 S. Ashland Condominium Association as assignee of Todd J. Rapp, Alaine R. Rapp, Donna L. McDevitt, Jean M. Unger as Trustee of the Jean M. Unger Revocable Trust, Doris J. Bryant, Daniel r. Gross, John G. Byrnes,

Thomas J and Erin H. Marthalec as Trustees of the Thomas J. and Erin H. Marthalec Trust, Kenneth Kostal, Judith Ann Kostal, Thomas R. Lowry, Thomas L. Berg, Karen S. Susala as Trustee of the William E. Haworth Irrevocable Trust, Susan Lyons and Patricia Garcia ("Plaintiff") against Ashland Harris, LLC, Nicholas Marietti, Robert Palley, and Jake Gantz under Case Number 19-L-5143.[1]

The factual allegations of the Verified Amended Complaint are substantially similar to the allegations contained in the original Complaint. Namely, the Plaintiff alleges that Ashland Harris, LLC ("AH") was the developer of the subject residential property and that Defendants Marietti, Palley and Gantz were original Board members. According to the Plaintiff, AH designed and built the property, and/or retained subcontractors to do so. However, it is alleged that the design and construction of the property was defective in that the property lacked appropriate sound barriers, which resulted in interference with the unit owners' use and enjoyment of their units.

The Plaintiff also claims that there are other defects in the property that AH failed to address ("Punch list items"). Further, it is alleged that Defendant Marietti was notified of these punch list items and promised to remediate them. Consequently, on November 8, 2018, the Board claims to have executed a Tolling Agreement which required AH to exercise due diligence to remediate the sound transference and punch list issues.

With respect to the individual Defendants, the Plaintiff claims that they were appointed by AH to serve as the Board from the date of the incorporation of the Association until turnover, which occurred on February 8, 2018. In that capacity, the Plaintiff claims the individual Defendants had the exclusive obligation to maintain, repair and replace components of the common elements of the property. Further, it is alleged that prior to the turnover, defects existed which were known by these Defendants. As such, the Plaintiff claims these Defendants owed a fiduciary duty to each unit owner to replace defective components of the property and to establish adequate reserves for deferred repairs. However, the Plaintiff alleges that the individual Defendants breached their duties in this regard.

The three-count Verified Amended Complaint consists of the following counts:

1. Breach of express warranty (against AH);
2. Breach of the Tolling Agreement (against AH); and
3. Breach of fiduciary duty (against Marietti, Palley and Gantz)

A copy of the Verified Amended Complaint is in your possession. Therefore, Hanover will forgo a detailed summary of the Plaintiff's allegations. However, please note that the Plaintiff's assertions and are not construed as true or accurate by Hanover.

---

[1] We note that Nicholas Marietti, Robert Palley and Jake Gantz were each members of the Board of Directors of 40 S. Ashland Condominium Association. As such, they each meet the definition of "Insureds" under the Policy to the extent that each was acting within his capacity as a Board member during the times in question. Ashland Harris, LLC is not listed as the named "Insured," nor is it listed as an Additional Insured Entity. As such, Hanover disclaims any obligations to defend or indemnify Ashland Harris, LLC.

### III.     COVERAGE EVALUATION

Hanover will provide a defense to Nicholas Marietti, Robert Palley, and Jake Gantz for the above-referenced matter in accordance with the terms, conditions and provisions of the D&O, subject to a full reservation of rights as set forth below.

As an initial matter, we reviewed the Insuring Agreement of the D&O Endorsement. It provides, in pertinent part, as follows:

A.  For purposes of coverage provided by this endorsement, **SECTION II – Liability A. Coverages, 1. Business Liability,** paragraphs **a.** through **e.** is replaced by the following:

   1. **Directors and Officers Liability**
      a. We will pay those sums the insured becomes legally obligated to pay as "damages" arising out of a "wrongful act" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply.  We may, at our discretion, investigate any "wrongful act" and settle any "claim" or "suit" that may result….
      We will have the right and duty to defend the insured against any "suit" seeking non-monetary damages.
      This insurance applies to a "wrongful act" only if the "wrongful act" is not an action for which Directors are not entitled to indemnification under the General Not For Profit Corporation Act of 1986 or the declaration or bylaws of the association.[2]

We further direct your attention to the policy definitions relevant to this coverage analysis:

   1. "Claim" means a written demand for "damages" or a "suit".

   4. "Wrongful act" means any actual or alleged negligent act, error, omission, misstatement or misleading statement, neglect, or breach of duty by an insured while acting in the scope of their duties as a Director or Officer of the Named Insured, or any matter claimed against the insured solely by reason of their serving as a Director or Officer for the Named Insured.  This does not apply to a position or capacity in any entity other than the named insured association, even if the named insured association directed or requested the insured to serve in such other position or capacity.

---

[2] See Endorsement 391-1890 06 15, ILLINOIS CHANGES – CONDOMINIUM ASSOCIATION DIRECTORS AND OFFICERS LIABILITY INSURANCE.

The definition of "Damages" as provided under the Policy is also integral to this coverage decision, and is as follows:

> 2. "Damages" means a compensatory monetary award, settlement or judgment that you became legally obligated to pay. "Damages" does not include taxes, fines or penalties, punitive or exemplary damages, the multiplied portion of multiplied awards, or other matters which may be deemed uninsurable under the law pursuant to which the policy shall be construed.

Pursuant to the aforementioned definition, the Policy will not pay for any amounts not included in the definition of "Damages" and any such amounts will be the responsibility of the Insured. Additionally, please note that, to the extent that the Plaintiff seeks civil or administrative fines or penalties, such amounts are also excluded from the definition of "Damages" and will be the responsibility of the Insured. In the event that this Claim results in both covered and non-covered "Damages", a fair allocation of these amounts by Hanover may be necessary.

The following exclusions were also relevant to our coverage determination:

> **B.** For the purpose of coverage provided by this endorsement, **SECTION II – LIABILITY, B. Exclusions, I. Applicable to Business Liability Coverage, a. Expected or Intended Injury, b. Contractual Liability, f. Pollution and j. Professional Services,** are replaced by the following:
>
> This insurance does not apply to:
>
>> **j. Professional Services**
>> "Damages: arising out of the rendering of or failure to render any professional service, advice or instruction:
>> (1) By you; or
>> (2) On your behalf; or
>> (3) From whom any of you assumed liability by reason of a contract or agreement,
>> regardless of whether any such service, advice or instruction is ordinary to any insured's profession.
>>
>> This exclusion applies even if a claim alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "wrongful act" which caused the "damages" involved the rendering or failure to render any professional service.
>
> **C.** For the purpose of coverage provided by this endorsement, the following is added to **SECTION II – LIABILITY, B. Exclusions, I. Applicable to Business Liability Coverage:**
> **Additional Exclusions Applicable Only to Condominium, Co-op and Association Directors and Officers Liability**

This insurance does not apply to:

    a. **"Bodily Injury", "Property Damage" and "Personal and Advertising Injury"**
    "Bodily injury", "property damage" and "personal and advertising injury".

    g. **Cross Insured Claims**
    "Damages" sustained by any insured that arise out of the activities of any other person or organization qualifying as an insured under this policy.

Pursuant to the aforementioned provisions, this matter meets the definition of a "claim" because it is a "suit." However, Hanover continues to reserve its rights with respect to the fact that this matter constitutes a cross insured claim and involves allegations of property damage. Specifically, the Plaintiff in this matter is the named "Insured" and the individually named Defendants also meet the definition of "Insureds" under the Policy, pursuant to the following provision:

    B.      **WHO IS AN INSURED**
        2. Your past, present or future officers, trustees, members of the Board of Directors, or "employees" of the Board of Directors, but only for acts within the scope of their employment with you, while acting in their capacity as members of the Board of Directors or while performing duties related to the conduct of your business. [3]

Further, although the Complaint has now been amended to include several individual unit owners, those individuals have assigned their rights to the Association, thus placing this matter squarely within the ambit of a cross insured claim. It is also important to note that the factual allegations of the Verified Amended Complaint are unchanged. Specifically, the Plaintiff claims it sustained damages because of the individually named Defendants' failure to repair improperly constructed ceilings and floors, and also because of their alleged failure to address punch list items. However, the Policy precludes coverage for claims of property damage.

Additionally, to the extent that you were each serving as Board members in furtherance of your duties as employees of Ashland Harris, you were each providing professional services. However, claims arising out of the rendering or failure to render professional services are also excluded under the Policy.

As a result, Hanover must respectfully reserve its rights and defenses under its policy and applicable law, whether or not stated herein. This includes, but is not limited to the right to supplement this reservation of rights, the right to withdraw from the defense, if appropriate; the right to seek reimbursement of any defense costs paid on behalf of any Insured entity, if it is later determined that this claim is not covered; and the right to file a declaratory action. Nothing contained herein should be deemed a waiver of any of the terms, provisions, conditions or exclusions contained in the Hanover Policy.[4]

---

[3] See Endorsement 391-1890 06 15 ILLINOIS CHANGES – CONDOMINIUM ASSOCIATION DIRECTORS AND OFFICERS LIABILITY INSURANCE.

[4] At this time, none of the claims asserted are covered, meaning Hanover does not owe indemnity for the claims asserted. However, Hanover will revisit this issue again prior to resolution of the claim.

We now direct your attention to our analysis of the Businessowners Coverage Form:

BUSINESSOWNERS COVERAGE FORM
The policy also contains the Businessowners Coverage From (391-1003 08/16).  The Business Liability section of the Form provides potential coverage for "bodily injury," "property damage" or "personal and advertising injury" caused by an "occurrence" (as those terms are defined), which takes place within the policy period, as long as those claims are not excluded.  In this matter, there is no claim for "property damage" nor is there a claim of physical injury, so there is no claim for "bodily injury." Furthermore, there is no claim of "personal or advertising injury".  Therefore, the claim does not fall within the grant of coverage of the Businessowners Coverage Form.

The Insuring Agreement of the Businessowners Coverage Form states:

1. **Business Liability**
   a. We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result…

The Definitions applicable to the Businessowners Coverage Form are as follows:

   **SECTION V – DEFINITIONS**
   3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.  "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".
   13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
   14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
      a. False arrest, detention or imprisonment;
      b. Malicious prosecution or abuse of process; [5]
      c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
      d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
      e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
      f. The use of another's advertising idea in your "advertisement"; or

---

[5] See Endorsement 391-1006 Ed. 08/16.

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

    **h.** Discrimination or humiliation (unless insurance thereof is prohibited by law) that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:

        **(1)** Not done intentionally by or at the direction of:

            a) The insured; or

            b) Any officer of the corporation, director, stockholder, partner or member of the insured; and

        **(2)** Not directly or indirectly related to an "employee", nor to the employment, prospective employment or termination of any person or persons by an insured. [6]

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property…

In this matter, no claims of bodily injury, property damage or personal and advertising injury have been asserted to which this insurance applies. Furthermore, this matter does not involve an accidental "occurrence". Therefore, the claim does not fall within the grant of coverage of the Businessowners Coverage Form Insuring Agreement.

## IV. **DEFENSE COUNSEL & BILLING**

The defense of this matter has been assigned to the following attorney and law firm:

Hayes Ryan
Partner
Gordon & Rees
One North Franklin
Suite 800
Chicago, IL 60606
312-565-1400
hayesryan@grsm.com

As previously mentioned, the D&O is not subject to a deductible. Therefore, all invoices for Defense Expenses will be sent to Hanover for payment with copies forwarded to the Insured. Costs incurred by any Insured prior to notifying Hanover of this Claim and/or incurred without Hanover's consent are not covered under this Policy.

---

[6] See Endorsement 391-1006 Ed. 08/16.

**Hanover requests that each of you place your liability insurance carriers on notice of this matter and also provide Hanover with information regarding any and all other liability insurance policies which may afford coverage for you in this matter. Specifically, please provide the name of the carrier, the primary named insured on the policy, and policy number for each policy which may be implicated by this loss.**

V. <b>CONCLUSION</b>

Please be aware that this letter sets forth Hanover's position based on the allegations and facts known to date. Hanover reserves its rights under the terms and conditions of the Policy, including the right to amend, modify, expand or change its coverage analysis accordingly. Nothing contained in or omitted from this communication should be construed as a waiver of any rights Hanover has or may have under the Policy.

Hanover does wish to provide full benefits for claims that are covered under its policies. Thus, if you have any additional information which you believe we should consider in connection with this matter that you believe may broaden the scope of the coverage outlined in this letter, please forward such information to us at your earliest convenience and we will be happy to consider it.

Should you have any questions regarding the positions expressed in this letter or additional information you believe is relevant to the coverage analysis please contact me. I can be reached at (248) 233-5144, or via e-mail at trcoleman@hanover.com.

Part 919 of the Rules of the Illinois Department of Insurance requires that our company advise you that, if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 W. Randolph Street, Suite 15-100, Chicago, Illinois 60601 / 312-814-2420 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767/217-782-4515. http://insurance.illinois.gov/.

Sincerely,

*Tracie V. Coleman-Tucker*

Tracie V. Coleman-Tucker, JD
Senior Specialty Claim Consultant
Citizens Insurance Company of America

cc:     Janice Reh/Associated Agencies, Inc./(Via E-Mail: jreh@associated.cc)

enc:    Fraud Warnings